**RICHARD J. ZITZ, INC.,
Plaintiff–Appellant,**

v.

**Leonel Bernadino DOS SANTOS PEREIRA, Defendant–Cross–Claimant–Cross–Defendant–Appellee,**

**Peter T. Podlas, Defendant–Cross–Defendant–Cross–Claimant–Appellee.**

Docket No. 99–9399.

United States Court of Appeals, Second Circuit.

Argued: Aug. 7, 2000

Decided: Aug. 31, 2000

Daniel P. Burke (Thomas M. Galgano, on the brief), Galgano & Burke, Hauppauge, NY, for Plaintiff–Appellant.

John L. Ciarelli, Ciarelli & Dempsey, Melville, NY, for Defendant–Appellee Pereira.

Anthony P. Colavita, (Paula M. Gart on the brief), L'Abbate, Balkan, Colavita & Contini LLP, Garden City, NY, for Defendant–Appellee Podlas.

Before: CALABRESI, CABRANES, and POOLER, Circuit Judges.

CALABRESI, Circuit Judge.

Plaintiff-appellant Richard J. Zitz, Inc. is a builder of homes. Richard Zitz is the sole employee of Richard J. Zitz, Inc., and has extensive experience in framing single-family residences.[1] In 1989, Zitz planned to build a house on a piece of property, which he owned, on Little Noyack Path in Watermill, New York. He drew a floor plan for the house and made plans for the windows, roof, and ceilings. Zitz obtained a permit in November 1989, and began construction in 1990, with much of the work being done in that year. Zitz labeled the design for this house "Townhouse I." Zitz later drew floor plans for what he labeled "Townhouse II," a house that was to be similar to, but considerably larger than, Townhouse I. He has not yet built a house using the Townhouse II design.

On February 3, 1995, through his attorney, Zitz submitted four applications for registrations to the copyright office in Washington, D.C. Zitz sought and obtained copyrights for the "architectural drawings" associated with Townhouses I and II and also for the two "architectural works"[2]— Townhouse I (already constructed) and Townhouse II (unconstructed).

---

1. Throughout this opinion, we refer interchangeably to Richard J. Zitz, Inc. and Richard J. Zitz as "Zitz."

2. An "architectural work" is "the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings," 17 U.S.C. § 101, and is now copyrightable under 17 U.S.C. § 102(a)(8).

On February 4, 1997, Zitz filed a complaint in the United States District Court for the Eastern District of New York against Leonèl Bernadino dos Santos Pereira and Peter T. Podlas. The complaint alleged that Pereira and Podlas had infringed Zitz's copyrights for Townhouse II by "copying the blueprints for Town House II" and by "erecting and constructing Town House II." A third cause of action alleged that the defendants had infringed his copyrights for Townhouse I by using information about the design of Townhouse I in constructing two Townhouses II.

The district court (Boyle, *M.J.*) determined that all four of Zitz's copyrights were invalid. In a summary order issued the same day as this opinion, we affirm the district court's holdings as to the invalidity of Zitz's copyrights in the architectural plans for both Townhouses and in the architectural work, Townhouse II, on the ground that Zitz was neither an author of these copyrighted materials nor an owner or assignee of the copyrights. We write separately to address the validity of Zitz's copyright for the architectural work—Townhouse I.

The Architectural Works Copyright Protection Act ("AWCPA"), Pub.L. No. 101–650, tit. VII (1990), extended copyright protection to architectural works that are not otherwise works of art. Zitz contends that Townhouse I is a proper subject for copyright under this statute.[3] This depends on whether Townhouse I was constructed as of December 1, 1990, because, under 37 C.F.R. § 202.11(d)(3), architectural works that "were constructed or otherwise published before December 1, 1990" are ineligible for protection under the AWCPA. *See also* AWCPA, Pub.L. No. 101–650, tit. VII, § 706(2) (1990) (establishing that the Act applies only to those architectural works that, on December 1, 1990, were "*unconstructed* and embodied

in *unpublished* plans or drawings"(emphases added)).

Plaintiff argues that "constructed" means "finished," or, at least, sufficiently finished to be habitable. Defendants contend that it means "substantially constructed." The district court embraced the defendants' position, and found, as did the only other federal court to address this issue, that an architectural work that was substantially constructed as of December 1, 1990 is ineligible for copyright protection under the AWCPA. *See Bryce & Palazzola Architects & Assocs., Inc. v. A.M.E. Group, Inc.*, 865 F.Supp. 401, 406 (E.D.Mich.1994).

Neither the language of the AWCPA ("unconstructed") nor the language of the accompanying regulation ("constructed") defines itself. It is possible to read "constructed" in 37 C.F.R. § 202.11(d)(3) to mean either what the plaintiff or defendants assert. Nor is the legislative history of the AWCPA particularly helpful; it simply does not speak to the intended meaning of the relevant terms.

For the following reasons, we believe that the better reading of the word "constructed" in 37 C.F.R. § 202.11(d)(3) is "substantially constructed." First, we think that, with respect to buildings and houses, "finished" is a term that is hopelessly vague. It is said that the Cathedral of Milan, started hundreds of years ago, is not yet quite finished. And anyone who has built a house knows that the same is all too frequently true even with respect to private residences. While "substantially constructed" is not itself perfectly clear, we think it is a more practical definition.

In addition, and more important, the C.F.R. excludes those architectural works that were "constructed *or otherwise published*" from the protections of the AWCPA. 37 C.F.R. § 202.11(d)(3) (emphasis added). If we are to understand "con-

---

**3.** Plaintiff does not contend that Townhouse I is a work of art copyrightable apart from the statute.

structed" as having the same significance as "publication" for purposes of copyright protection, then it seems more sensible to say that the equivalent of publication occurs when others can readily see—and copy—the work in question. On that basis, habitability and final completion seem much less significant, and whether the architectural work is substantially constructed is much closer to what Congress intended in the statute.

\* \* \* \* \* \*

The judgment of the district court is AFFIRMED.